**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Carolyn Pitcavage, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 11 C 5436 |
| NCO Financial Systems, Inc., a Pennsylvania corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Carolyn Pitcavage, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Carolyn Pitcavage ("Pitcavage"), is a citizen of the State of Pennsylvania, from whom Defendant attempted to collect a delinquent consumer debt owed to Capital One, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, NCO Financial Systems, Inc., ("NCO"), is a Pennsylvania corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Illinois, and 31 other states, as well as 11 foreign countries, Defendant NCO operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including many thousands of consumers in the State of Illinois. In fact, Defendant NCO was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant NCO is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, NCO conducts business in Illinois.

6. Moreover, Defendant NCO is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, NCO acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Pitcavage is a senior citizen, with limited assets and income, who fell behind on paying her bills, including debts she owed to Capital One. When NCO began trying to collect this debt from Ms. Pitcavage, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant NCO's collection actions.

8. Accordingly, on July 27, 2010, one of Ms. Pitcavage's attorneys at LASPD informed NCO, in writing, that Ms. Pitcavage was represented by counsel, and directed NCO to cease contacting her, and to cease all further collection activities because Ms.

Pitcavage was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant NCO continued to call Ms. Pitcavage directly in an attempt to collect the Capital One debt from her, including, but not limited to, telephone calls on August 16, 17, 18 and 19, 2010, from phone number 800-883-0613.

10. Defendant NCO's collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant NCO's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

14. Here, the letter from Ms. Pitcavage's, agent/attorney, LASPD, told Defendant NCO to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendant NCO violated § 1692c(c) of the FDCPA.

15. Defendant NCO's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

16.    Plaintiff adopts and realleges ¶¶ 1-11.

17.    Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

18.    Defendant NCO knew that Ms. Pitcavage was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant NCO to cease directly communicating with her. By directly calling Ms. Pitcavage, despite being advised that she was represented by counsel, Defendant NCO violated § 1692c (a)(2) of the FDCPA.

19.    Defendant NCO's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Carolyn Pitcavage, prays that this Court:

1.    Find that Defendant NCO's debt collection actions violated the FDCPA;

2.    Enter judgment in favor of Plaintiff Pitcavage, and against Defendant NCO, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Carolyn Pitcavage, demands trial by jury.

                                Carolyn Pitcavage,

                                By: /s/ David J. Philipps
                                One of Plaintiff's Attorneys

Dated: August 11, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com